**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

DUSTIN POLLETT,                       )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )          Case No. 4:24-cv-00615-MTS
                                      )
JOSHUA LEE, *et al.*,                 )
                                      )
          Defendants.                 )

**MEMORANDUM AND ORDER**

This matter is before the Court on review of Plaintiff Dustin Pollett's Application

to Proceed in District Court Without Prepaying Fees or Costs.  Doc. [2].  For the reasons

explained herein, the Court will deny the Application without prejudice and give Plaintiff

forty-five (45) days to either pay the filing fee or comply with 28 U.S.C. § 1915(a).

\*       \*       \*

Congress has mandated that the clerk of each district court shall require a party

"instituting any civil action, suit or proceeding" to pay a filing fee and any additional fees

prescribed by the Judicial Conference of the United States.  28 U.S.C. § 1914.[1]  Courts

may, however, "authorize the commencement" of any suit, action, or proceeding without

the prepayment of fees if a filer is "unable to pay such fees or give security therefor[.]"  28

U.S.C. § 1915(a)(1).

---

[1] Congress exempted only applications for writs of habeas corpus, for which "the filing fee shall be $5." 28 U.S.C. § 1914(a).

Congress has established special rules for prisoners who seek to proceed without prepaying fees.[2] The Prisoner Litigation Reform Act ("PLRA" or "the Act") "requires all inmates to pay filing fees." *Crawford-El v. Britton*, 523 U.S. 574, 596 (1998). As the U.S. Court of Appeals for the Eighth Circuit has explained, "[t]he purpose of the Act [is] to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time." *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) (per curiam). The Act makes prisoners responsible for their filing fees the moment they bring a civil action. *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997); *accord* 28 U.S.C. § 1915(b)(1) (providing that prisoners "shall be required to pay the full amount of the filing fee").

Under the PLRA, any prisoner who wishes to proceed without prepaying the filing fee must submit "an affidavit that includes a statement of all assets [he] possesses" and "a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint[.]" 28 U.S.C. § 1915(a)(1)–(2). If the prisoner satisfies these requirements and demonstrates an inability to pay, the Court must assess an initial partial filing fee equal to 20 percent of the prisoner's average monthly deposits or average monthly balance, whichever is greater. 28 U.S.C. § 1915(b)(1).

---

[2] For the purposes of § 1915, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Plaintiff has not submitted a certified copy of his account statement as required by § 1915(a)(2).[3]   As courts consistently note, Congress wrote § 1915 in mandatory terms. *See, e.g., Samarripa v. Ormond*, 917 F.3d 515, 521 (6th Cir. 2019); *Koenig v. Mo. Dep't of Corr.*, 4:23-cv-01524-MTS, 2024 WL 277939, at *2 (E.D. Mo. Jan. 25, 2024); *Edwards v. Neb. Dep't of Corr.*, 8:23-cv-00002-JFB, 2023 WL 2186984, at *1 (D. Neb. Feb. 23, 2023); *Aikens v. Osorio*, 3:22-cv-00312-MR, 2022 WL 3590349, at *1 (W.D.N.C. Aug. 22, 2022); *Ortega v. Phaneof*, 1:19-cv-00893-JB, 2020 WL 4529334, at *1 (D.N.M. Apr. 8, 2020).   Based on the plain text of § 1915, the Court cannot grant Plaintiff's Application without an account statement.   *See* 28 U.S.C. § 1915(a)(2), (b)(1).

For this reason, the Court will deny Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs without prejudice.   *See Smith v. Urban*, 928 F. Supp. 532, 532 (E.D. Pa. 1996) (denying application for this reason); *Maisano v. Trans Car Inc.*, 416 F. App'x 605, 605 (9th Cir. 2011) (per curiam) (affirming denial of application for this reason).   The Court will give Plaintiff forty-five (45) days to either pay the $405 filing fee in its entirety or file a renewed application to proceed without prepaying fees or costs that fully complies with the requirements of § 1915(a).   Failure to timely prepay the entire filing fee or file a proper application under § 1915 will result in the

---

[3] The form application Plaintiff used is substantially similar to form AO-240 (Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)).   It specifically states: "I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name."   Doc. [2].   In addition, the Clerk of Court sent Plaintiff a letter confirming the docketing of this case and informing Plaintiff of the need to submit a certified copy of his inmate account statement.   Thus, Plaintiff was on notice of this requirement.   Over twelve weeks ago, Plaintiff informed the Court that he had requested his account statement days earlier, but he has neither provided the Court with it nor explained why he has failed to do so.   *See* Doc. [5].

dismissal of this action without prejudice and without further notice.[4] *See In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (noting that, under PLRA, the failure to submit the prison account statements required by § 1915(a)(2) may result in dismissal of a prisoner's action (citing *Ayo v. Bathey*, 106 F.3d 98, 101 (5th Cir. 1997) (per curiam))); *see also, e.g., Frey v. McCormack*, 150 F. App'x 848, 849 (10th Cir. 2005); *DeVaughn v. Johnson*; 80 F. App'x 684, 685 (D.C. Cir. 2003) (per curiam).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [2], is **DENIED** without prejudice.  Plaintiff is given through **Monday**, **October 7, 2024**, within which to either pay the full amount of the filing fee or to file an application to proceed in district court without prepaying fees or costs in compliance with 28 U.S.C. § 1915.  Failure to do so will result in the dismissal of this action.

Dated this 22nd day of August 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[4] If Plaintiff chooses to seek leave to proceed without prepaying fees, and if the Court grants such application, Plaintiff's action will be subject to review to determine if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e); *accord id*. § 1915A.  If the Court makes such a determination, the Court will be required to dismiss Plaintiff's Complaint.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (calling it "clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").  The full filing fee of $405 will still be assessed even if the Court dismisses the Complaint after § 1915(e) review.  *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).